UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| QBE SYNDICATE 1036 | * | CIVIL ACTION NO. 6:20-CV-554 |
| VS. | * | |
| | * | JUDGE ROBERT R. SUMMERHAYS |
| COMPASS MINERALS LOUISIANA INC. | * | MAGISTRATE JUDGE PATRICK J. HANNA |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO THE ABSTENTION DOCTRINE
ON BEHALF OF COMPASS MINERALS LOUISIANA INC.**

COME NOW, Defendant, COMPASS MINERALS LOUISIANA INC., by and through undersigned counsel, and file this Memorandum in Support of Motion to Dismiss Pursuant to The Abstention Doctrine on Behalf of Compass Minerals Louisiana Inc.

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND & RELEVANT FACTS..................................................................2

III. LAW AND ANALYSIS ...........................................................................................4

    A. The Federal Declaratory Judgment Act ...................................................4

    B. A Federal Court's Right to Abstain from Hearing a Request for Declaratory Judgment ...................................................................................................5

        1. There is a Pending State Court Action in Which All of the Matters in Controversy May Be Fully Litigated ......................................................6

        2. Whether the QBE filed Suit in Anticipation of a Lawsuit Filed by CML.................................................................................................8

i

3. Whether QBE Engaged in Forum Shopping by Bringing the Suit ........8

4. Whether Possible Inequities Exist in Allowing QBE to Gain Precedence in Time or to Change Forums ...............................................................9

5. Whether Federal Court is a Convenient Forum for the Parties and Witnesses ...............................................................................................9

6. Whether Retaining the Lawsuit Would Serve the Purposes of Judicial Economy .............................................................................................10

7. Whether the Federal Court Is Being Called on to Construe a State Judicial Decree Involving the Same Parties and Entered by the Court Before Whom the Parallel State Suit Between the Parties Is Pending 10

C. Authority Exists for Abstention Involving the Louisiana Oilfield Anti-Indemnity Act.................................................................................................................11

IV. CONCLUSION.............................................................................................13

# **TABLE OF AUTHORITIES**

CASES

*Am. Vehicle Ins. Co. v. Adams*, 2011 U.S. Dist. LEXIS 104072* (M.D. La. 09/13/2011) .............4

*Branton Tools, LLC v. EXCO Operating Co., LP,* 2015 US Dist. LEXIS 103071 ............. 6, 11-13

*Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491 (1942) ............................................................ 5-6

*Clements, et al. v. Compass Minerals Louisiana, Inc., et al.,* No. 135048........................ 2, 3, 6-7, 9

*Montpelier US Ins. Co. v. Henry,* 2014 US Dist. LEXIS 59445................................................ 5--6, 8

*Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891 (5th Cir. 2000) ....................................................5

*RLI Ins. Co. v. Pugh*, 2016 U.S. Dist. LEXIS 147066* (W.D. La. 09/28/2016) ..............................4

*Rogers v. Samedan Oil Corp.*, 308 F.3d 477, 480-81 (5th Cir. 2002) ............................................11

*Schilling v. Rogers,* 363 U.S. 666, 667 (1960) ......................................................................................4

*Sherwin-Williams Co. V. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) ......................... 4-5, 8

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994) ................................................................ 1, 6, 11

*Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991) ..............................................................4

*Travelers v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir. 1993) .......... 6, 9, 12

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) ................................................................ 4-6

*Yarbrough, et al. v. Compass Minerals Louisiana, Inc.*, et al., No. 134463 ................................ 2, 7

STATUTES

La. R.S. §9:2780 (the "LOAIA") ................................................................................................ *passim*

28 U.S.C. §2201 (the Declaratory Judgment Act) ......................................................... 1, 4-6, 8-9, 11

I. **INTRODUCTION**

Compass Minerals Louisiana Inc., ("CML"), the named defendant herein, files this memorandum in support of its Motion to Dismiss Pursuant to the Abstention Doctrine the Complaint for Declaratory Judgment filed by plaintiff, QBE Syndicate 1036 (hereinafter "QBE"). QBE seeks a declaration that the indemnification and additional insured provisions in certain contracts are null, void, and unenforceable under the Louisiana Oilfield Anti-Indemnity Act, La. R.S. § 9:2780 (the "LOAIA"), such that QBE owes no duties to CML whatsoever in connection with the underlying state court survival and wrongful death action.

Other than the usual "catch-all" clause in the prayer for relief seeking attorneys' fees and costs, the Complaint solely seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. A federal court's power to abstain is designed primarily to avoid the useless and wasteful expenditure of a federal court's time and resources. This Court has discretion to dismiss the Complaint based on the abstention doctrine and should do so because four of the seven *Trejo* factors favor abstention (three of them strongly so), while the remaining three factors are neutral or inapplicable. In particular, judicial economy dictates that this Court abstain because this Court will have to consider, and resolve, all of the same fact and legal issues that will be decided in the state court case, regardless of the result here, with potentially incompatible results.

The declaration QBE seeks requires this Court conduct a full trial on the merits of the case in chief and a trial on whether the LOAIA is applicable at all to a salt mine that has no connection to the oil industry or the generation of energy. Determining the applicability of the LOAIA to this salt mine will also require this Court to analyze the legislative history of the LOAIA using

1

Louisiana civilian principles of statutory interpretation and analysis. All of these state law issues can and will be adjudicated by the state court in which the case-in-chief is now proceeding.

## II. BACKGROUND & RELEVANT FACTS

On May 1, 2020, QBE filed suit in the Western District of Louisiana seeking a declaration from this Court regarding its duties to CML under insurance policies issued by subsidiaries of QBE on its behalf to two of CML's subcontractors, Fire & Safety Specialists, Inc. ("FSS"), and MC Electric, LLC ("MCE") (collectively the "Policies") (*see* R. Doc. 1). QBE amended its Complaint on August 18, 2020 (R. Doc. 13), following the dismissal of the first of two wrongful death and survival lawsuits, one filed by the improper parties,[1] and a second suit, *Clements, et al. v. Compass Minerals Louisiana, Inc., et al.,* No. 135048, a wrongful death and survival lawsuit filed on August 6, 2020 in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, filed by the purported proper parties (the "Clements Suit"). The Clements Suit names CML and FSS as defendants and seeks damages for the alleged wrongful death of Shawn Anthony Clements, an electrician employed by MCE, who died while working at the Cote Blanche Salt Mine in St. Mary Parish, Louisiana (the "Cote Blanche Mine"). CML is the owner of the Cote Blanche Mine.

Through this suit, "QBE seeks a declaration that the indemnification and additional insured provisions in the Purchase Orders [issued by CML to FSS and MCE] are null, void, and unenforceable under the Louisiana Oilfield Anti-Indemnity Act, La. R.S. § 9:2780 (the "LOAIA"), such that QBE owes no duties to CML whatsoever in connection with the Clements Suit." (R. Doc. 13, p. 2). QBE's request for declaratory judgment is based upon its contention that it has no duty to defend or indemnify CML under the LOAIA. Adjudicating the merits of this action requires this

---

[1] *Yarbrough, et al. v. Compass Minerals Louisiana, Inc., et al., No. 134463* was filed in on December 10, 2020 in the 16th Judicial District Court for the Parish of St. Mary and dismissed on May 4, 2020 ("the Yarbrough Suit).

Court to delve into and decide the factual issues of the state court case-in-chief, as well as determine the legislative intent underlying the LOAIA as set out in the Act's legislative history in order to resolve an issue of first impression, i.e., whether the LOAIA, previously applied only to energy-producing mines, wells, and the like, only in the oilfield industry, also applies to a salt mine that has no connection to the exploration, manufacture or distribution of oil from an oilfield or the generation of energy.[2]

Before this Court can even begin to make such a declaration, multiple fact issues will have to be resolved in the Clements Suit, the parallel proceeding currently pending in the 16th Judicial District Court as well. By way of only one example, prior to a duty to defend and indemnify even coming into play, the issue of whether CML, FSS and/or MCE played any part in the death of Mr. Clements must be determined, as well as the role that Mr. Clements played in his death since the autopsy protocol revealed the presence of numerous illegal opioid drugs and other illegal and legal drugs and drug remnants in his system at the time of his death. The use of those substances, most of which are illegal, violates safety policies and whether the use of these substances by an electrician while at work in a salt mine was a major factor in his death will have to be resolved by this Court. In short, if CML was not negligent or at fault in causing the injury, the LOAIA does not come into play. Only a full trial on the merits could resolve these issues.

Based on the above, and for the reasons further set forth below, this Court should exercise its discretion to abstain from hearing the QBE's Complaint; dismiss the Complaint; and let the state court system resolve all parties' issues in the currently pending lawsuit, *Clements, et al. v. Compass Minerals Louisiana, et al.,* 16th JDC No. 135048.

---

[2] The only material mined at the Cote Blanche Mine is salt – a non-energy producing mineral. The salt mined at the Cote Blanche Mine is primarily used for deicing roads. A secondary use is for the manufacture of plastics, detergents, and disinfectants. See *https://www.compassminerals.com/who-we-are/locations/cote-blanche-louisiana/*, accessed on September 22, 2020.

### III.   LAW AND ANALYSIS

####   A.  The Federal Declaratory Judgment Act

The Federal Declaratory Judgment Act, 28 U.S.C. §2201, provides in pertinent part as follows:

> (a) In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. [Emphasis added.]

It is well settled that the Declaratory Judgment Act is not an independent source of federal jurisdiction. Instead, it provides an additional remedy once jurisdiction is found to exist on another ground. *See Schilling v. Rogers,* 363 U.S. 666, 667 (1960).

This Court has consistently found that "[t]he Declaratory Judgment Act … is an enabling act, which confers discretion on the courts rather than an absolute right on a litigation." *RLI Ins. Co. v. Pugh*, 2016 U.S. Dist. LEXIS 147066* (W.D. La. 09/28/2016) (citing *Sherwin-Williams Co. V. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). The legal principle that a federal district court has broad discretion in deciding whether to hear a declaratory judgment case is also well settled – i.e., that the federal court "is not required to hear these actions, but may exercise its broad discretion and decline to hear the case." *Am. Vehicle Ins. Co. v. Adams*, 2011 U.S. Dist. LEXIS 104072* (M.D. La. 09/13/2011) (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)).

A court's power to dismiss or stay a declaratory judgment action on grounds of abstention does not come from F.R.C.P. 12(b)(1) (lack of jurisdiction) or F.R.C.P. 12(b)(6) (failure to state a claim). "[R]ather, abstention reflects a court's prudential decision not to exercise its jurisdiction." *RLI Ins. Co., supra.* at *9; citing *Weekly v. Morrow*, 204 F.3d 613, 614-15 (5th Cir. 2000);

*Benavidez v. Eu*, 34 F.3d 825, 829 (9th Cir. 1994); *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358-59, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989).

### B. A Federal Court's Right to Abstain from Hearing a Request for Declaratory Judgment

In deciding whether to hear or abstain from hearing a declaratory judgment action, federal courts, particularly in the Fifth Circuit, conduct an evaluation of the relevant facts as applied to several "factors."

In *Montpelier US Ins. Co. v. Henry,* 2014 US Dist. LEXIS 59445, the Court set forth the framework under which the courts within the Fifth Circuit determine whether or not to hear a declaratory judgment lawsuit. Before the federal court decides whether or not to exercise its broad discretion under the Federal Declaratory Judgment Act, it must determine whether or not the complaint states a claim under said Act. *Montpelier* at * 7-8. This determination involves three considerations, under which the "district court must first (1) determine whether the declaratory action is justiciable; (2) determine whether the court has the authority to grant declaratory relief; and (3) determine how to exercise its broad discretion to decide or dismiss the action." *Id* citing *Sherwin-Williams Co. v. Holmes County,* 343 F.3d 387, 387 (5th Cir. 2003); *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

While the matter at hand is *likely* justiciable (consideration one), and the court *likely* has the authority to grant declaratory relief (consideration two), here the Court should exercise its broad discretion to dismiss rather than decide the action (consideration three) pursuant to the abstention doctrine. The *Wilton/Brillhart* Standard provides the framework for analyzing whether the Court should abstain from resolving the dispute presented in this case. "[I]f the district court in the sound exercise of its judgment, determines after a Complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the

5

merits before staying or dismissing the action." *Wilton v. Seven Falls Company*, 515 U.S. 277 at 288; 115 S. Ct. 2137; 132 L. Ed. 2d 214; 1995 U.S. LEXIS 3908 (6/12/1995); as quoted in *Montpelier* at *15.

This is done by addressing and balancing "the purposes of the Declaratory Judgment Act and the factors relevant to the applicable abstention doctrine." *Montpelier* at *11, citing *Travelers v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir. 1993). These considerations are commonly called the *Trejo* factors.[3] In *Montpelier,* the Court explained:

> To assist in defining the parameters of a district court's discretion, the Fifth Circuit developed a seven-factor test for deciding whether to retain jurisdiction over declaratory judgment [*16] actions. <u>The factors are not exhaustive, mandatory, or exclusive and address three broad considerations - **federalism, fairness/improper forum shopping, and efficiency**</u>. They are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[4]

As discussed below and in the summary of *Branton Tools, LLC v. EXCO Operating Co., LP,* 2015 US Dist. LEXIS 103071, the court does not need to find that all factors weigh in favor of abstention, but only has to "consider" all factors and the weight to be applied to each under the case's particular facts.

### 1. There is a Pending State Court Action in Which All of the Matters in Controversy May Be Fully Litigated

There is a pending state court action in which every issue at the heart of this Complaint for Declaratory Judgment will be decided. That state court action is the Clements Suit survival and

---

[3] See *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995); *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491 (1942); and *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).
[4] Internal citations omitted and emphasis added.

wrongful death actions. The issues include whether the LOAIA is applicable at all to a salt mine that has no connection to the exploration, manufacture or distribution of oil from an oilfield or to the production of energy. CML and FSS (one of QBE's insureds) are already named party defendants to the Clements Suit. CML has tendered its defense and indemnity in the Clements Suit to both FSS and MCE, as it did in the Yarbrough Suit before it was dismissed.[5] The only response to those tenders has been the filing of the instant Complaint for Declaratory Judgment and a letter denying coverage to CML sent by QBE's counsel on the date the Complaint for Declaratory Judgment was filed – May 1, 2020.[6] CML has filed an Exception to the Clements Suit questioning the procedural capacity of the Clements plaintiffs to bring those actions,[7] and will be filing Third Party Demands asserting its claims for defense and indemnity against FSS, MCE and QBE once that Exception has been resolved and it answers the petition.

Although the major issue before this Court will be the applicability of the LOAIA to contractors (and their insurers) performing work in a salt mine that has no connection to the exploration, manufacture or distribution of oil from an oilfield, this Court will have to consider, and decide, other fact issues to resolve the key issue. Both the state court and this Court must determine, for example, whether CML was negligent or otherwise at fault as a predicate to determining whether or not the indemnity provisions in the Purchase Orders at issue are void under the LOAIA. The LOAIA declares null and void only those indemnity provisions in agreements covered by it "*where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible*

---

[5] Exhibits A and B, the CML tender letters to FSS, and Exhibits C and D, the CML tender letters to MCE.
[6] Exhibit E, letter from counsel for QBE rejecting the tenders of defense and indemnity and rejecting coverage of CML.
[7] Exhibit F, CML's Dilatory Exception of Lack of Procedural Capacity and Memorandum in Support filed in the Clements Suit.

*to the indemnitee.*"[8] Accordingly, both courts would have to decide whether CML's negligence or fault was a cause of the state court plaintiffs' damages. This can only be done via a full trial on the merits.

While the state court suit may not be exactly parallel to the federal court suit (QBE is not yet a party to the state court action at the moment), the fact issues and legal issues presented before the two courts will overlap and may lead to inconsistent rulings. This factor weighs heavily in favor of abstention.

### 2. Whether the QBE filed Suit in Anticipation of a Lawsuit Filed by CML

QBE clearly anticipated being sued by CML in the state court action, as evidenced by QBE responding to the tender letters sent to FSS and MCE on the very same day that this Complaint for Declaratory Judgment was filed.[9] That said, courts have recognized that the mere fact that a declaratory judgment action is brought in anticipation of other lawsuits does not require dismissal of the declaratory judgment action by the federal court. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003); *Montpelier* at * 18-19. This factor is essentially neutral.

### 3. Whether QBE Engaged in Forum Shopping by Bringing the Suit

It is significant to note that QBE did not include FSS and MCE as co-Plaintiffs or defendants in this declaratory judgment action. As the primary parties who would owe indemnity to CML under the indemnity provisions of the purchase orders, FSS and MCE are aligned with QBE's position in this action. Yet by leaving FSS and MCE out of this federal action when the same legal issues could be decided inconsistently in state court, FSS and MCE are exposed to the potential of owing an indemnity obligation under a state court decision, and having no insurance

---

[8] La. R.S. 9:2780 A.
[9] *See* Exhibit E, letter from counsel for QBE rejecting the tenders of defense and indemnity and rejecting coverage of CML, dated May 1, 2020.

coverage for those obligations because of an inconsistent federal court decision in a case in which they were excluded as parties. The exclusion of FSS and MCE from this declaratory judgment action is arguably forum shopping, as there is no valid reason for them to have been. This factor heavily favors abstention.

      **4.  Whether Possible Inequities Exist in Allowing QBE to Gain Precedence in Time or to Change Forums**

This factor takes into consideration the possible inequities that exist in allowing the declaratory judgment Plaintiff (QBE) to gain precedence in time or to change forum. *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 779 (5th Cir. 1993). There is no trial date set in either the state or federal court actions. While this might suggest that QBE gains no precedence in time, the likelihood is that the federal court action may proceed much faster than the suit in state court, effectively gaining precedence. More importantly, as discussed in the first factor above, there is clearly the potential for inconsistent or incompatible rulings on the potential fault or negligence of CML as well as the interpretation of the legislative history of the LOAIA. The latter is a legal question that should ultimately rest with the Louisiana Supreme Court. These could lead to possible inequality as to the change in forum. This factor weighs heavily in favor of abstention.

      **5.  Whether Federal Court is a Convenient Forum for the Parties and Witnesses**

The Clements Suit is pending in the 16th Judicial District Court for the Parish of St. Mary, located in Franklin, Louisiana, which is approximately 20 miles from this Court. The courts are equally convenient to the parties, making this factor neutral as to abstention.

### 6. Whether Retaining the Lawsuit Would Serve the Purposes of Judicial Economy

The pending state court action will, by necessity, involve all of the parties to the Purchase Orders (once MCE is added) and the alleged insurer, QBE, once CML's Third Party Demand is filed in state court. QBE is seeking to have the legal issue of the applicability of the LOAIA decided in this Court now, without its insureds (FSS and MCE) as parties to the federal court action. Testimony from all of the parties in the state court action (and their employees) will be necessary in both courts on the many factual issues related to the potential fault or negligence of CML, as well as the potential fault and negligence of FSS, MCE, and their employees. As noted above, in order for QBE to succeed in its argument that the LOAIA voids the defense and indemnity provisions in the Purchase Orders issued to FSS and MCE, QBE must prove that CML's fault caused or contributed to the underlying accident at issue. This will require factual determinations to be made by the Court before ever reaching the legal issue whether the LOAIA applies at all to a salt mine that has no connection to the exploration, manufacture or distribution of oil from an oilfield and no connection to the production of energy.

With all of the issues of fault and negligence pending before the state court, retaining this action in federal court does not serve the goal of judicial economy. In fact, maintaining this action increases the likelihood that judicial economy would be frustrated because the two courts could reach incompatible and inconsistent conclusions about not only the facts of the accident, but also the legislative history and the applicability at all of the LOAIA, strictly state law issues. This factor weighs heavily in favor of abstention.

### 7. Whether the Federal Court Is Being Called on to Construe a State Judicial Decree Involving the Same Parties and Entered by the Court Before Whom the Parallel State Suit Between the Parties Is Pending

This factor is not an issue in this case, and accordingly, this factor is neutral.

In summary, four of the *Trejo* factors heavily favor abstention. Two *Trejo* factors are neutral, and a third does not apply to the facts of this case. As noted in the *Branton* case discussed below, the primary question for this Court is whether the questions in controversy between the parties can be better resolved in the proceeding in state court. Application of the *Trejo* factors supports the finding that this Court should abstain from hearing this case and instead allow the parties to litigate these issues in state court. The state court has all the authority it needs to decide issues that are necessary to the interpretation and application of the LOAIA and its legislative history, and the state court system is competent to do so. Moving this action forward only duplicates the activities that will occur and creates substantive risk of inconsistent and incompatible rulings.

### C. Authority Exists for Abstention Involving the Louisiana Oilfield Anti-Indemnity Act

*Branton Tools, LLC v. EXCO Operating Co., LP,* 2015 US Dist. LEXIS 103071, is a case out of the Western District of Louisiana, Shreveport Division involving the LOAIA. The court went through the *Trejo* factors, and found that two of the seven factors were neutral as to abstention, two factors were not in favor of abstention, and three factors "heavily favor abstention." *Branton Tools* at *20. **The *Branton* court's main reasons <u>for abstaining</u> from hearing the declaratory judgment action were specifically tied to the LOAIA**.

As to factor (1), whether there is a pending state action in which all of the matters in controversy may be fully litigated, the *Branton* court explained:

> The Fifth Circuit has stated that "[t]hrough LOIA, the Louisiana Legislature declared null and void and against public policy of the State of Louisiana any provision in such agreements which require the defense or indemnification for death or bodily injury to persons **caused by the negligence or fault of the indemnitee**." <u>Rogers v. Samedan Oil Corp.</u>, 308 F.3d 477, 480-81 (5th Cir. 2002)(emphasis added). The MSA between EXCO and Branton specifies that Branton will indemnify and hold harmless the "Company Group," which is defined in the agreement as EXCO's contractors and subcontractors. In

11

order to determine whether the LOIA will apply to the MSA to void the defense and indemnity provisions, this Court necessarily will have to decide whether EXCO's and/or SES's fault or negligence caused the state court plaintiffs' injuries … The Court finds that the issues presented in the state court suit and the federal court suit are at least parallel in part … the issues of act and law presented before the two courts will overlap and may lead to inconsistent rulings. Thus, this factor weighs heavily in favor of abstention.[10]

As to factor (4) - whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums – the *Branton* court found:

> This factor takes into consideration the possible inequities that exist in allowing the declaratory Plaintiffs to gain precedence in time or to change forums. <u>See Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.</u>, 996 F.2d 774, 779 (5th Cir. 1993). There is no trial date set in this federal court action, and the parties have not provided information regarding the trial date in the state court suit. There is no indication that the Plaintiffs are gaining a precedence in time. <u>However, as discussed above in the analysis of the first factor, there is the possibility of inconsistent or incompatible rulings on the potential fault or negligence of the Defendants, and as such, this could lead to a possible inequality as to the change of forum</u>. Therefore, **the Court finds that this factor weighs heavily in favor of abstention**.[11]

Finally, as to factor (6) - whether retaining the lawsuit in federal court would serve the purposes of judicial economy – which the *Branton* court also weighed heavily in favor of abstention, the Court explained:

> The pending state court action involves all of the parties to the insurance contract and the MSA, as well as the parties who are not included in the federal litigation but whose testimony will be necessary on factual issues related to the potential fault or negligence of the declaratory Defendants. As discussed above, for the Plaintiffs to succeed in their argument that the LOIA voids the MSA's defense and indemnity provision, they must prove that it was EXCO's and/or SES's fault or negligence that caused the accident. <u>This will require factual determinations to be made by the Court before the legal issue of coverage can be resolved</u>.
>
> As the issues of fault and negligence are pending before the state court, <u>retaining the lawsuit in federal court would not serve the goal of judicial economy. In fact, it would increase the likelihood that judicial economy would be frustrated because the two courts could reach incompatible conclusions about the facts of the accident</u>. Therefore, the Court finds that the goal of judicial economy would be better served if it did not retain this lawsuit, and as such, this factor heavily favors abstention.[12]

---

[10] *Branton* at *13-*15.
[11] *Id* at *17 - *18. Emphasis added.
[12] *Id* at *18-*19. Emphasis added.

As the *Branton* court found, here, the issues of fault and negligence will be determined by the pending state court proceeding. Judicial economy would not be advanced by the retention of the Declaratory Judgment Complaint by this Court, but instead, judicial economy would likely be frustrated as the federal and state courts could apply overlapping facts; witnesses would be required to testify in multiple judicial forums; and it is likely that the courts would find incompatible conclusions about the facts of the accident – <u>a necessary prerequisite to a determination of whether or not the LOAIA applies in this instance.</u>

The analysis by the *Branton* court is very comparable to the analysis this court should apply. Based on the above, CML submits that factors (1), (3), (4) and (6) weigh <u>heavily in favor of abstention</u>. Factors (2) and (5) are neutral, and factor (7) simply does not apply to these facts.

CML finally notes that it will most certainly assert a third-party demand against QBE in the state court lawsuit when the time comes to file its Answer. QBE will therefore have the opportunity to obtain full relief in a forum where all parties are present and the issue of whether or not the LOAIA is applicable to a salt mine (an issue of first impression in this State), only *if* negligence is first found on the part of CML. The Louisiana state court system (including the appellate court and Supreme Court of Louisiana) is fully capable of giving QBE a fair hearing.

### IV.   CONCLUSION

Abstention is warranted and makes sense. Abstention protects a litigant from useless, duplicative expenditures of time, fees and costs. This case is the poster-child that illustrates the wisdom and the utility of the abstention doctrine. There is no good reason why this Court should conduct a full-blown trial (followed by an appeal) when the state court is perfectly able, and available, to adjudicate all of the issues.

Whether the LOAIA applies at all to this case can only be determined by a full trial on the merits on any negligence of fault of CML. Only after that determination is made (in this case by a jury) will the Court, by necessity, decide whether the LOAIA applies to CML's non-energy producing salt mine.

In summary, the pending state court action can adjudicate all of these issues, especially since all issues are purely ones of state law. Mover respectfully suggests that its Motion to Dismiss Pursuant to the Abstention Doctrine be granted.

                 Respectfully submitted:

                 /s/  Dominic J. Gianna
                 Dominic J. Gianna, La. Bar. No. 6063
                 John D. Person, La. Bar No. 10531
                 Anna A. Rainer, La. Bar No. 31531
                 ***AARON & GIANNA, PLC***
                 A Professional Law Corporation
                 201 St. Charles Avenue, Suite 3800
                 New Orleans, Louisiana 70170
                 Tel: (504) 569-1800
                 Fax: (504) 569-1801

             Email: dgianna@aarongianna.com
                   jperson@aarongianna.com
                   arainer@aarongianna.com

                 ***Attorneys for Compass Minerals Louisiana Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2020, I electronically filed the foregoing pleading on behalf of defendant, Compass Minerals Louisiana Inc., with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

                                                          */s/ Dominic J. Gianna*
                                                          DOMINIC J. GIANNA