UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **QBE SYNDICATE 1036** * | **CIVIL ACTION NO. 6:20-CV-554** |
| * | |
| VS. * | |
| * | **JUDGE ROBERT R. SUMMERHAYS** |
| **COMPASS MINERALS** * | |
| **LOUISIANA INC.** * | **MAGISTRATE JUDGE PATRICK J.** |
| * | **HANNA** |
| * * * * * * * * * * * * * * * * * * * * * | |

### COMPASS MINERALS LOUISIANA INC'S REPLY MEMORANDUM TO QBE'S OPPOSITION TO COMPASS' MOTION TO DISMISS

QBE Syndicate 1036 ("QBE") and Compass Minerals Louisiana Inc. ("CML") agree that the Declaratory Judgment Act, 28 U.S.C. §2201(a), permits a federal court to declare rights related to an actual controversy, but does not require it to do so.[1] The parties also agree that the court must first determine whether (1) the action is justiciable, (2) the court has the authority to grant declaratory relief, and (3) to decide or not decide the declaratory judgment action.[2] The parties even agree that when the action is justiciable and the court has authority, courts in the Fifth Circuit consider and apply the *Trejo* factors in determining whether or not to exercise that discretion to decide or not decide the declaratory judgment action.[3] It is in the application of the *Trejo* factors that the positions of the parties diverge.

---

[1] R. Doc. 19, at 6; and R. Doc. 16-1, at 4.
[2] R. Doc. 19, at 6; and R. Doc. 16-1, at 5.
[3] R. Doc. 19, at 6; and R. Doc 16-1, at 6; *St. Paul Ins. Co. v. Trejo*, 39 F. 3d 585, 590 (5th Cir. 1994); *Montpelier US Ins. Co. v. Henry*, 2014 LEXIS 59445, *15-16.

**QBE's Core Argument**

The core of QBE'S opposition to CML's Motion to Dismiss based upon the abstention doctrine is its contention that the Louisiana Oilfield Anti-Indemnity Act ( "LOAIA" or the "Act") applies to CML's Cote Blanche salt mine, thereby nullifying the defense and indemnity provisions contained in the purchase orders between CML and QBE's insureds, Fire Safety & Specialists, Inc. ( "F&SS") and M.C. Electric, LLC ( "MCE"). QBE also suggests that this Court should make this determination based solely on the pleadings. QBE too narrowly frames the issue at Paragraph 23 of the Amended Complaint. R. Doc. 13. The issue before the court will be whether the purchase orders are agreements, "pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid or gaseous or other state." La. R.S. 9:2780 B. The LOAIA goes on to define "agreement" in much greater detail at Paragraph C. It is an agreement as defined by the Act that is covered by the Act. The issue before the Court will thus be whether the purchase orders are "agreements" as defined by the LOAIA.

CML recognizes that this Reply Memorandum is not the vehicle to argue the merits of QBE's claim. If the Court denies CML's Motion, CML will show that the LOAIA does not, and was not ever intended to, apply to CML's Cote Blanche salt mine based upon a.) the words of the Act, b.) the Act's legislative history, c.) Louisiana civilian principles of statutory interpretation, and d.) the nature of CML's drilling activity.

**The Application of the *Trejo* Factors**

It is in the application of the *Trejo* factors that the parties' analyses diverge and disagree. Yet even here, the parties agree that the *Trejo* analysis is not a mere tallying of how many factors favor abstention versus how many support retention. Rather, the court has to "consider" all the factors and the weight to be applied to each under the particular case's facts. *Branton Tools, LLC*

*v. EXCO Operating Co., LP,* 2015 US Dist. LEXIS 103071, at *9; *Montpelier US Ins. Co. v. Henry,* 2014 US Dist. LEXIS 59445, at *15-16. The factors are not exhaustive, mandatory, or exclusive. *RLI Ins. Co. v. Pugh*, 2016 U.S. Dist. LEXIS 147066, *17.

As discussed by CML in R. Doc. 16-1, factors 1, 4, and 6 strongly support abstention, while the remaining factors either have no application, or are essentially neutral in the abstention analysis.[4] CML has filed with its Answer and Cross-Claim against F&SS, a Third-Party Demand against MCE and QBE.[5] All parties with an interest in resolution of the issue of whether or not the LOAIA applies to contracts relating to work to be performed in a salt mine are now before the state court. In contrast, only QBE and CML are parties in this federal suit. The court should focus its analysis on factors 1, 4, and 6. Even if the state court Third-Party Demand against QBE is dismissed or stayed by that court, the identical issue will be decided between CML and QBE's insureds. QBE should remain part of that action, and will if this Court abstains. Thus, factor 1 strongly supports abstention.

QBE dismisses factor 4 by arguing that exercise of the Declaratory Judgment Act in this suit meets its main purposes, to provide judicial relief from uncertainty and to allow it to resolve a dispute without waiting to be sued (or having the statute of limitations expire) by having the court decide if the LOAIA applies to the purchase orders covering work in a salt mine.[6] In so arguing, QBE ignores the potential for inconsistent verdicts in the state and federal court proceedings, and the effect of inconsistent rulings on QBE's insureds. Neither F&SS nor MCE are parties in this action. QBE's pursuit of declaratory judgment in this court without its insureds as

---

[4] QBE agrees that factors 3 and 7 are neutral or not relevant to this case. R. Doc. 19, at 17. CML's discussion of the essential neutrality of factors 2 and 5 are found at R. Doc. 16-1, at 8 and 9, respectively.
[5] Exhibit 1, CML has filed an Answer, Cross-Claim, and Third-Party Demand in the state court action, asserting its claims for defense and indemnity against F&SS, MCE, and QBE.
[6] R. Doc. 19, at 16.

3

parties sets up the potential for inconsistent verdicts, to the detriment of its insureds and CML. Any verdict in this court will not be *res judicata* between CML and F&SS or between CML and MCE. The state court in which the survival and wrongful death actions are filed now include CML's claims for defense and indemnity against F&SS and MCE. Even if the state court dismisses or stays the Third-Party Demand against QBE, it will still decide this issue of the applicability of the LOAIA to the purchase orders as to the parties before it. The decision of this court will have no *res judicata* effect in that proceeding.

Factor 6, whether retaining the lawsuit in federal court would serve the purposes of judicial economy, is probably the single most important and overwhelming factor supporting abstention in this case. Even limiting consideration to the legal issue of whether the LOAIA applies to contracts, such as the purchase orders at issue in this case, for work to be performed in a salt mine, without respect to whether CML was at fault in causing the injury to the decedent, judicial economy would not be promoted under these facts. Just the opposite will result. F&SS and MCE, QBE's insureds, are <u>not parties</u> to this federal action. They are, as noted above, now a cross-defendant and third-party defendant in the state court suit in which the applicability of the LOAIA to the purchase orders between them and CML will be litigated. Regardless of the decision in this court, the state law issue of whether the LOAIA applies to these purchase orders will be decided in the parallel state court action. As has been argued, the decision in this court will have <u>no</u> *res judicata* effect in the state court action against either F&SS or MCE, leaving open the distinct potential for inconsistent verdicts.

If this court determines that the indemnity provisions in the Purchase Orders are null and void because the LOAIA applies and thus, QBE does not owe CML defense and indemnity, the state court may still decide the opposite, finding that QBE's insureds owe CML a defense and

4

indemnification because the LOAIA does not apply to the Cote Blanche salt mine. This will be the case whether the fault of CML is litigated or not, before deciding the applicability of the LOAIA to these purchase orders.

In summary, this court's decision will have no *res judicata* effect on CML's claims against QBE's insureds in state court. How can such a potential result serve the purpose of judicial economy?

Compass Minerals Louisiana Inc. respectfully asks the court to grant its Motion to Dismiss Pursuant to the Abstention Doctrine.

Respectfully submitted:

*/s/ Dominic J. Gianna*
Dominic J. Gianna, La. Bar. No. 6063
John D. Person, La. Bar No. 10531
Anna A. Rainer, La. Bar No. 31531
***AARON & GIANNA, PLC***
A Professional Law Corporation
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Tel: (504) 569-1800
Fax: (504) 569-1801
Email: dgianna@aarongianna.com
         jperson@aarongianna.com
         arainer@aarongianna.com

***Attorneys for Compass Minerals Louisiana Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2020, a copy of the foregoing pleading on behalf of Compass Minerals Louisiana Inc. was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*/s/ Dominic J. Gianna*
DOMINIC J. GIANNA