# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **Q B E SYNDICATE 1036** | **CASE NO.  6:20-CV-00554** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COMPASS MINERALS LOUISIANA INC** | **MAGISTRATE JUDGE HANNA** |

## AMENDED REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss Pursuant to Abstention Doctrine filed by Defendant, Compass Minerals Louisiana, Inc. (Rec. Doc. 16). Plaintiff, QBE Syndicate 1036, opposed the Motion (Rec. Doc. 18). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. This Court issued a Report and Recommendation on November 2, 2020. Due to a clerical error in the issuance of notices, this Court allowed Compass the opportunity to file a reply after issuance of the Report and Recommendation. Compass filed its Reply on November 4, 2020. (Rec. Doc. 24). Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Compass's Motion be DENIED.

## Factual Background

QBE filed this Complaint for Declaratory Judgment seeking a judicial determination as to its duties to defend and indemnify Compass in an underlying wrongful death suit pending in state court. (Rec. Doc. 13). Compass urges the Court to abstain from exercising jurisdiction.

The underlying suit, *Clements et al. v. Compass Minerals Louisiana Inc., et al.,* was filed by the legal representative of Shawn Clements, an electrician employed by M.C. Electric, LLC ("MCE") who died allegedly as a result of an electrocution in August 2019 at the Cote Blanche Salt Mine in St. Mary Parish, Louisiana. (*Clements v. Compass et al.*, Docket No. 135048 "C" at Rec. Doc. 13-1, p. 1). At the time of the incident, Mr. Clements was allegedly installing a new circuit for the fire suppression system at the salt mine, which was owned by Compass. (*Id.*) Clements's representative sued Compass and Fire & Safety Specialists, Inc. ("FSS"), a fire suppression contractor also working in the mine, in state court. (*Id.*) At the time QBE filed this declaratory judgment suit and until November 2, 2020, MCE and QBE were not parties to the *Clements* suit.

QBE alleges in this suit for declaratory judgment that it issued separate commercial general liability policies to FSS and MCE. (Rec. Doc. 13, ¶13-15). QBE alleges that Compass is seeking defense, indemnity, and coverage under the QBE policies based upon identical indemnification agreements in Compass's respective

2

purchase orders with FSS and MCE. (Rec. Doc. 13, ¶18-21). QBE seeks a judicial determination that the indemnification provisions are null, void, and unenforceable under the Louisiana Oilfield Anti-Indemnity ACT ("LOAIA") such that QBE owes no defense, indemnification, or coverage duties to Compass in the *Clements* suit. Compass moves to dismiss QBE's suit, arguing the Court should abstain from exercising jurisdiction in light of the pending *Clements* suit in state court.

## Law and Analysis

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952)). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton,* 515 U.S. at 286. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 289.

In considering a declaratory judgment action, the court must utilize a three-step analysis:

> First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an "actual controversy" exists between the parties to the action. ...

3

Second, if it has jurisdiction, then the district court must resolve whether it has the "authority" to grant declaratory relief in the case presented. ...

Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action.

*Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (citations omitted).

The first and second inquiries are not in dispute. (Rec. Doc. 16-1, p. 8). The Court agrees that an actual controversy exists[1] and that the Court has authority to render declaratory relief[2] in this case. The parties disagree about how the Court should exercise its broad discretion to decide or dismiss QBE's declaratory action. In preface to the discussion of the third inquiry, the Court finds it useful to first examine QBE's claims and requested relief in this declaratory action against the backdrop of the underlying *Clements* suit.

_____

[1]    "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'" *Orix Credit*, 212 F.3d at 895, citing *Middle South Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Cir.1986). Here, Compass has demanded defense and indemnity from QBE, which, in turn, denies that such obligations are owed.

[2]    "Under the second element of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2283." *Sherwin-Williams Co. v. Holmes Cty.,* 343 F.3d 383, 388, fn. 1 (5th Cir. 2003). Compass acknowledged that it has not yet filed a cause of action against QBE in state court. Rec. Doc. 16-1, p. 10.

4

I.    **LOAIA and the scope of this Court's tasks.**

In this declaratory judgment action, QBE seeks a ruling that the LOAIA applies to the underlying indemnification provisions, thereby rendering QBE's defense and indemnity obligations unenforceable. Relatedly, QBE also seeks a judicial declaration that the choice-of-law provision in the purchase orders is null, void, and unenforceable.

Generally, the LOAIA renders void and unenforceable any provision in certain agreements pertaining to oil, gas, or water wells or drilling for minerals which requires the indemnitor to indemnify the indemnitee without regard to the indemnitee's own negligence. La. R.S. 9:2780. QBE contends that the indemnity provisions at issue violate this standard and are thus null. Compass contends the LOAIA does not apply to salt mines, such that its indemnity provisions are valid and its claims for defense and indemnity against QBE are enforceable.

Faced with this question, the Court could find that the LOAIA voids the indemnity provision. In that event, QBE would not owe defense and indemnity obligations to Compass in the *Clements* suit, and QBE could be absolved from further litigation. Alternatively, the Court could find that the LOAIA does not apply to salt mines, such that Compass may enforce its claims for defense and indemnity against QBE. In that event, Compass may proceed with its claims in whatever forum it chooses, since QBE has *not* asked the Court to *apply* the indemnity provisions,

5

which would inevitably entail a comparative negligence analysis and apportionment of fault. As expounded upon below, this reality renders Compass's fear of inconsistent and incompatible judgments unjustified.

## II.     Application of the *Trejo* Factors and whether to exercise jurisdiction.

The court's third inquiry—how to exercise its broad discretion to decide or dismiss the action—is guided by the seven-factor test identified by the Fifth Circuit in *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir.1994) (the *Trejo* factors). The following factors are nonexclusive:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
(3) whether the plaintiff engaged in forum shopping in bringing the suit;
(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
(5) whether the federal court is a convenient forum for the parties and witnesses;
(6) whether retaining the lawsuit would serve the purposes of judicial economy; and
(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

The foregoing factors are governed by the overarching principles of federalism and comity, fairness in the proceedings, and efficiency. *Sherwin-Williams Co. v. Holmes Cty*., 343 F.3d 383, 391 (5th Cir. 2003). The Court addresses each factor in turn.

1. **Whether there is a pending state action in which all of the matters in controversy may be fully litigated.**

Compass argues the first factor favors dismissal, because there is a pending state court action in which every issue at the heart of the complaint for declaratory judgment will be decided. (Rec. Doc. 16-1, p. 9). The first factor contemplates a pending parallel state court action involving an identity of parties and issues. *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.,* 149 F.3d 371, 373 (5th Cir. 1998). "The lack of a pending parallel state proceeding [does] not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action." *Sherwin-Williams Co.,* 343 F.3 at 394 (footnote omitted). However, the lack of a pending parallel state court action "weighs strongly against dismissal." *Id.*

At the time QBE filed its Complaint in this Court and at the time the Court issued its initial Report and Recommendation, no parallel state court action was pending. Indeed, Compass admitted in its Motion to Dismiss that it had not yet filed suit in state court. (Rec. Doc. 16-1, p. 10). On the same day the Court issued its first Report and Recommendation, Compass asserted claims for defense and indemnity against QBE, MCE, and FSS in the *Clements* state court proceedings. (Rec. Doc. 22-2). Thus, there now exists a parallel action in state court involving both QBE and Compass. The Fifth Circuit has instructed that chronology alone should not drive the

7

abstention analysis. *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.,* 996 F.2d 774, 779 (5th Cir. 1993). Nevertheless, now that a parallel state court suit is pending between Compass and QBE regarding claims for defense and indemnity and the potential applicability of the LOAIA, the Court finds that this factor weighs in favor of abstention.

**2.  Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant.**

Compass classifies the second factor as "essentially neutral," recognizing that declaratory actions are often filed as anticipatory of future suits. The Fifth Circuit explained:

> A proper purpose of section 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires. *Texas Employers' Ins. Assoc. v. Jackson,* 862 F.2d 491, 505 (5th Cir.1988). The mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court. … Declaratory judgment actions often involve the permissible selection of a federal forum over an available state forum, based on the anticipation that a state court suit will be filed.

*Sherwin-Williams Co.,* 343 F.3d at 397-98.

The Court agrees with QBE that this factor does not favor dismissal.

**3.  Whether the plaintiff engaged in forum shopping.**

Compass argues that QBE's failure to include FSS and MCE as co-Plaintiffs in the declaratory action should be interpreted as a form of forum shopping. Regarding this factor, the Fifth Circuit instructed:

8

The filing of every lawsuit requires forum selection. Federal declaratory judgment suits are routinely filed in anticipation of other litigation. The courts use pejorative terms such as "forum shopping" or "procedural fencing" to identify a narrower category of federal declaratory judgment lawsuits filed for reasons found improper and abusive, other than selecting a forum or anticipating related litigation. Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive "forum shopping."

*Sherwin-Williams Co.,* 343 F.3d at 391.

Unlike the case at bar, the *Sherwin-Williams* court found that the declaratory action plaintiff faced multiple lawsuits by multiple parties in multiple state court forums. *Id*. at 398. Here, QBE's action is not an attempt to corral multiple claims.

Initially, before Compass asserted its claims against QBE, FSS, and MCE in state court, this Court found that QBE had not engaged in improper forum shopping, because the Court had diversity jurisdiction to consider claims regarding issues which had not yet been raised in any other court. Although those claims have now been asserted in the state court proceedings, the Court maintains its finding that QBE has not engaged in forum shopping. QBE's reliance upon diversity jurisdiction as a means to obtain answers to the questions of its obligations is permissible. See *id*., at 399, finding that the declaratory plaintiff's invocation of diversity jurisdiction was not impermissible forum selection.

Compass posits that the same legal issues raised in the declaratory action could be decided inconsistently in state court. The legal issues raised in QBE's

declaratory action are the legality and enforceability of the indemnification provisions in the FSS and MCE purchase orders, based on interpretation and application of Louisiana law, specifically the LOAIA. The *Sherwin-Williams* court found that the federal court would apply the same state law as would be applied by state courts. *Sherwin-Williams Co.,* 343 F.3d at 399. As in *Sherwin-Williams*, it does not appear that QBE brought this suit in search of more favorable law. See *id*. Thus, this consideration also supports a finding of neutrality as to the third factor.

Before Compass asserted claims in state court, the likelihood of inconsistent decisions on the pertinent issues in state court was low because no other suit was pending. As the Court noted in its first Report and Recommendation, a future state court suit should not survive dismissal on the grounds of *res judicata* and/or *lis pendens*. Compass points out in its Reply that its newly asserted state court action is against, not only QBE, but also FSS and MCE, such that the principles of res judicata would not apply to either FSS or MCE.

In determining whether the state court suit is precluded by res judicata, the Louisiana court would apply La. R.S. 13:4231. Similarly, a federal court sitting in diversity would apply the preclusion law of the forum state, Louisiana's La. R.S. 13:4231 in this case, unless it is incompatible with federal interests. *Anderson v. Wells Fargo Bank, N.A.,* 953 F.3d 311, 314 (5th Cir. 2020). "Along the same lines, '[i]n determining the preclusive effect of an earlier state court judgment, federal

courts apply the preclusion law of the state that rendered the judgment.'" *Id*. quoting *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011). "The four prerequisites for the application of res judicata under La. R.S. 13:4231 are: (1) the parties must be identical in both suits, or in privity; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Sosebee v. Steadfast Ins. Co.,* 701 F.3d 1012, 1026 (5th Cir. 2012). The test for *lis pendens* is the same. *Aisola v. Louisiana Citizens Prop. Ins. Corp.,* 2014-1708 (La. 10/14/15), 180 So. 3d 266, 269.

With regard to privity between an insurer and insured, Louisiana courts have held: "[T]he insured and the insurer not only share the same quality as parties, but in essence their identities are virtually merged into one, to the extent of the policy limits." *Roland v. Owens*, 00-1846 (La. App. 5 Cir. 4/24/01), 786 So. 2d 167, 170, *writ denied,* 2001-1500 (La. 8/31/01), 795 So. 2d 1213, quoting *Arthur v. Zapata Haynie Corp.,* 95–956 (La.App. 3rd Cir.1/22/97), 690 So.2d 86, 90. Thus, the insurer is bound by the principles of *res judicata* to the extent its insured was a party bound by the judgment. *Id*. See also *Sosebee v. Steadfast Ins. Co.,* 701 F.3d at 1026. Although an insurer's policy defenses could dis-align the insurer and insured such that privity may not exist for purposes of *res judicata* (see *id*.), there is no evidence of any policy defenses in this case. Indeed, Compass admits that QBE, MCE, and

11

FSS would be aligned on the issue of the enforceability of the indemnity provisions. (Rec. Doc. 16-1, p. 11). Thus, MCE and FSS could be bound by the principles of *res judicata* and/or *lis pendens* in the state court proceedings.

Finally, the Court does not find that QBE was engaged in an improper "race to *res judicata*," as there is no evidence that QBE restricted Compass from filing a state court action. See *Sherwin-Williams*, 343 F.3d at 399. According to Compass, it did not intend to file third-party demands against FSS, MCE, and QBE in state court until after resolution of a pending exception regarding the *Clements* plaintiff's procedural capacity. (Rec. Doc. 16-1, p. 10).[3] Therefore, the Court finds that this factor tilts against dismissal.

### 4. Whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums.

Compass argues this factor favors abstention, because "the likelihood is that the federal court action may proceed much faster than the suit in state court," thereby allowing QBE to gain precedence. (Rec. Doc. 16-1, p. 12). Compass offers no evidence or analysis in support of this contention. It is equally plausible that the state court matter proceeds more quickly.

---

[3]    Compass filed its third-party demands against FSS, MCE, and QBE in the *Clements* suit on the same day this Court issued its first Report and Recommendation, which was based, in large part, on the absence of an underlying state suit. Compare Rec. Doc. 21 and 22-2.

Compass again relies on the possibility of inconsistent or incompatible rulings as to the parties' negligence and fault attributable to each for the incident. The Court emphasizes that QBE's declaratory action asks the Court only to examine the enforceability of the indemnity provisions; QBE has not asked the Court to determine the *scope* of indemnity. Apportionment of fault is only relevant to the latter determination. Should the Court rule in Compass's favor that LOAIA does not foreclose enforcement of its defense and indemnity claims, Compass is free to litigate its claims against QBE, FSS, and MCE in its chosen forum. Only those proceedings entail a comparative fault analysis or deference to the court who has apportioned fault.

**5. Whether the federal court is a convenient forum for the parties and witnesses.**

Compass concedes, and the Court agrees, that this Court is equally as convenient as the 16th Judicial District in St. Mary Parish. The federal and state courts are less than fifty miles apart.

**6. Whether retaining the lawsuit in federal court would serve the purposes of judicial economy.**

Compass and QBE most disagree as the effect this declaratory action has on the consideration of judicial economy. Compass argues that discovery, including depositions of all parties and their employees, will have to be duplicated between the *Clements* suit and this suit. Conversely, QBE contends that consideration of its

declaratory action actually facilitates judicial economy by eliciting a judgment as to QBE's obligations to Compass before it incurs unnecessary expenditures in the *Clements* suit (assuming the Court finds QBE is not obligated to defend Compass).

QBE's argument focuses on interpretation of an insurer's duty to defend, a determination which is made based upon the "eight corners" of the complaint and the underlying insurance policy.[4] See *Martco. Ltd. Partnership v. Wellons, Inc.,* 588 F.3d 864, 872 (5th Cir. 2009). The Court agrees with QBE that the pertinent issues are whether LOAIA applies to agreements pertaining to salt mines and whether the indemnity provisions in question obligate FSS and MCE to defend and indemnify Compass even for Compass's own negligence. This analysis will be primarily legal, requiring an interpretation of statutory language, legislative intent, jurisprudence, and contract language. Any discovery that may be necessary would not likely significantly overlap with the *Clements* discovery, which would concern the incident, liability, damages, and the like. Accordingly, the Court finds that this declaratory action does not so offend the notion of judicial economy as to justify abstention.

---

[4]    In this case, the applicable QBE policies incorporate the contracts by reference. See Rec. Doc. 1-2, p. 36; Rec. Doc. 1-3, p. 36. Thus, the Court must also consider the purchase orders containing the relevant indemnity provisions.

The Court's finding in this regard accords with similar Fifth Circuit declaratory action jurisprudence. See e.g. *Atl. Specialty Ins. Co. v. Phillips 66 Co.,* 790 F. App'x 598, 601 (5th Cir. 2019), in which the court considered a declaratory action by a state-court defendant similarly situated to Compass seeking a determination as to the purported insurer's duty to defend and indemnify under a master service agreement. Notably, the court remarked that the district court had not engaged in extraneous fact-finding, but had properly considered only the record, evaluated the statutes, and consulted legal authorities. *Id.* The foregoing comment supports this Court's above finding that any discovery necessary to adjudicate this matter will not overlap with *Clements* discovery. See also *Lloyds of London v. Transcon. Gas Pipe Line Corp.,* 38 F.3d 193, 195 (5th Cir. 1994), wherein the court considered an insurer's declaratory action seeking a determination that LOAIA voided its defense and indemnity obligations under a contract. The pertinent facts of that case are closely aligned with those in this matter, with the exception that a pending state court action was filed after initiation of the declaratory action. In that regard, this Court is mindful of the Fifth Circuit's instruction that chronology is not the determinative.

**7. Whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.**

15

As discussed above, at the time QBE filed this suit, there was no parallel state suit is pending between Compass and QBE. Compass filed the state court suit only days ago. No state judicial decree has been entered on the issues before the Court. Accordingly, this factor weighs in favor of exercising jurisdiction.

Having considered the *Trejo* factors as applied to this case, together with considerations of federalism, comity, judicial efficiency, and fairness, the Court finds that dismissal is not warranted. Although a parallel state court suit is now pending, that suit was not pending at the time QBE filed this diversity action. Faced with a legal issue requiring a judicial determination, and for which no suit had yet been filed, QBE properly sought redress by initiating this suit in a court of proper jurisdiction. Because the issues are purely legal and will likely require minimal discovery separate and apart from the state court proceedings, this Court's exercise of jurisdiction does not impose on the state court's jurisdiction or prejudice any party's rights.

## Conclusion

For the reasons discussed herein, the Court recommends that Compass Minerals Louisiana Inc.'s Motion to Dismiss Pursuant to the Abstention Doctrine (Rec. Doc. 16) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).


THUS  DONE  in  Chambers,  Lafayette,  Louisiana  on  this  13th  day  of November, 2020.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

17